James P. LEHNERT, et al.,
Plaintiffs–Appellants,

v.

The FERRIS FACULTY ASSOCIATION–
MEA–NEA, et al.,
Defendants–Appellees.

No. 89–1101.

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 30, 1989.

Decided Dec. 12, 1989.

Raymond J. LaJeunesse, Jr. (argued), Springfield, Va., for plaintiffs-appellants.

Bruce R. Lerner, Robert H. Chanin (argued), Bredhoff & Kaiser, Michael D. Simpson, Washington, D.C., Arthur R. Przybylowicz, James J. Chiodini, White, Beekman, Przybylowicz, Okemos, Mich., Steven L. Dykema, Mika, Meyers, Beckett & Jones, Grand Rapids, Mich., for defendants-appellees.

Before MILBURN and GUY, Circuit Judges, and LIVELY, Senior Circuit Judge.

LIVELY, Senior Circuit Judge.

In this action nonunion public employees sued under 42 U.S.C. § 1983 for an injunction and other relief from a collective bargaining agreement permitted under state law that they alleged compelled them to pay to the defendant union an unconstitutional "service fee" as a condition of employment. The district court granted an injunction upon holding that insofar as it contained a service fee arrangement the collective bargaining agreement between the public employer and the exclusive bargaining agent did not satisfy the constitutional requirements enunciated by the Supreme Court in *Chicago Teachers Union, Local No. 1 v. Hudson*, 475 U.S. 292, 106 S.Ct. 1066, 89 L.Ed.2d 232 (1986). The injunction prohibited the public employer from deducting service fees from the plaintiffs' salaries in the future until further order of the Court, and retained jurisdiction "for the sole purpose of determining if and

when the union defendants have adopted constitutional procedures" for collection of fees. The judgment provided that in the event constitutional procedures were adopted the district court would dissolve the injunction.

After several modifications of the procedures that the court found deficient, on December 9, 1988, the district court held that, except for a single sentence, the latest revision of the procedures met constitutional standards. The court stated that it would dissolve the injunction if the one sentence so identified were deleted. The union by affidavit advised the court that the sentence had been deleted, and on January 3, 1989, the court dissolved the injunction against the collection of service fees and denied an injunction pending appeal. 707 F.Supp. 1490. The nonunion employees appealed and the case was submitted following oral arguments.

■ The plaintiffs raise three issues on appeal. First, they contend that the safeguards required by the Constitution are not satisfied because the procedures do not require independent auditors to verify the calculation of the service fees. The procedures which the district court approved require the independent auditor to verify the union's calculations and disbursements, but do not require the independent auditor to make a determination as to the chargeability of fees in each category. Upon consideration, we conclude that this issue is foreclosed by previous decisions of this court. The procedure approved by the district court satisfies the requirement set forth in *Tierney v. City of Toledo*, 824 F.2d 1497, 1504 (6th Cir.1987), that "[t]he independent auditor must verify each major category in the union's budget or expenses for each major category of expenses and indicate which categories comprise each component." In *Gwirtz v. Ohio Educational Association*, 887 F.2d 678 (6th Cir.1989), we interpreted *Tierney* to not require the independent auditor to make a determination of chargeability, which is essentially a legal determination. Upon suggestion that *Gwirtz* was inconsistent with *Tierney* with respect to this issue, the court considered a

petition for rehearing en banc and declined to rehear *Gwirtz*.

■ Second, the plaintiffs argue that the district court committed error in summarily approving selection of an impartial decision maker by the American Arbitration Association without discovery by plaintiffs or a hearing. The basis of argument is the plaintiffs' claim that the American Arbitration Association has an inherent bias against nonunion members; that its panels are impartial only as between unions and employers. Upon consideration, we conclude that this court has decided this issue in *Damiano v. Matish*, 830 F.2d 1363 (6th Cir.1987). In *Damiano*, we rejected a claim of "generalized bias" against the American Arbitration Association and pointed out that the American Arbitration Association's Rules for Impartial Determination of Union Fees, effective June 1, 1986, contain several safeguards against bias or prejudice by an arbitrator. *Id.* at 1368. If the plaintiffs perceive a proposed or selected arbitrator as biased, these safeguards are available to them as a means of challenging the appointment.

■ Third, the plaintiffs argue that the district court should not have dissolved its injunction, but should have modified the existing injunction to provide that the collection of fees from nonunion employees be prohibited except in accordance with the procedures now approved by the court. We find no abuse of discretion in dissolving the injunction (when entered, the injunction provided that it would be dissolved upon adoption of a constitutional scheme) or in permitting the union to incorporate the provisions of the approved procedures by reference into the collective agreement rather than setting the new procedures out verbatim therein.

The complaint in this case was filed on May 22, 1978. The district court has given careful consideration to every argument put forward by the plaintiffs and has required the union to "toe the line" in fashioning a process for imposition of service fees that fully meets the constitutional standards enunciated by the Supreme Court in *Hudson*. An examination of the

record discloses a meticulous attention to detail by the district court and a result that satisfies *Hudson* as interpreted by our later decisions.

The judgment of the district court is affirmed.